UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GARCIA, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP., a Delaware Corporation; MELISSA LINDEN, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 3:23-cv-01270-BEN-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 4]** |

On June 28, 2023, Plaintiff Leonardo Garcia ("Plaintiff") filed a civil complaint in the California Superior Court against Defendants Hertz Local Edition Corp., Melissa Linden and twenty "Doe" Defendants alleging sixteen state law claims. ECF No. 1. On July 10, 2023, Defendant Hertz removed the action to this Court based on diversity jurisdiction. *Id*.

Before the Court is Plaintiff's Motion to Remand. ECF No. 4. Defendant Hertz opposes the motion. ECF No. 7. No reply was filed. The briefing was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 8. After considering the applicable law

and the parties' arguments, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

Plaintiff began working for Defendant Hertz Local Edition Corporation ("Defendant" or "Hertz") in January 2016. ECF No. 1-2, Complaint for Damages ("Compl."). By 2018, Plaintiff was promoted to District Manager and was responsible for two locations. Compl. ¶ 10. Plaintiff alleges he received bonuses and performed his job duties satisfactorily throughout his employment. *Id*. ¶ 13.

Plaintiff took leave for vacation between August 21st and September 3rd of 2020. *Id*. ¶ 14. Two days after Plaintiff returned from vacation, a co-worker tested positive for Covid-19 and the location was closed for a week. *Id*. Plaintiff went into self-quarantine for two weeks, which was scheduled to end September 18, 2020. *Id*. ¶ 15. On September 14th, Plaintiff requested an additional two weeks of leave due to his wife's pregnancy. *Id*. In this same email, Plaintiff informed Defendant Hertz his intention to take paternity leave. *Id*.

Defendant Hertz initially responded by indicating Plaintiff did not have sufficient vacation hours to cover the additional leave. *Id*. ¶ 16. Plaintiff then sent documents to Human Resources ("HR") showing he did have vacation hours remaining. *Id*. Plaintiff alleges HR admitted they were mistaken in their initial calculation of his vacation hours. *Id*. The next day, HR requested an in-person meeting with Plaintiff. *Id*.

Plaintiff subsequently met with an HR representative and his general manager, Defendant Melissa Linden. *Id*. ¶ 17. During this meeting, Plaintiff was informed he was being terminated for failure to follow the company's Covid-19 protocols. *Id*. ¶ 17. When Plaintiff asked which policies he had violated, none were identified. *Id*. ¶ 19. Plaintiff was further informed the alleged violation occurred before his August vacation. *Id*. Plaintiff alleges he followed the company's Covid-19 protocols to the best of his ability, and the reason for his termination was pretextual. *Id*. ¶ 20. Plaintiff maintains he

was terminated because he asked for additional time to self-quarantine and because he announced his intention to take family leave. *Id*.

## II. LEGAL STANDARDS

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(1); *City of Chi v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand if there are doubts as to the right of removal. *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). A defendant seeking removal of an action bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

At issue here, when determining whether there is complete diversity among the parties, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.[1] *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (*quoting Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established under the second prong if a defendant shows the fraudulently joined defendant "cannot be liable on any theory." *Richey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, if there is even a "possibility that a state court would find that the complaint states a cause of action

---

[1] "Fraudulent joinder is a term of art[,]" that does not necessarily imply actual fraud on the part of plaintiffs. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1136, 1139 (9th Cir. 1987).

against any of the resident defendants[,]" the district court must remand. *Hunter*, 582 F.3d at 1046 (citation omitted).

### III. DISCUSSION

Plaintiff asserts a single claim against Defendant Melissa Linden for Work Environment Harassment under California's Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov. Code § 12940(j); Compl. ¶¶ 102-116. In the Notice of Removal, Defendant Hertz asserts that complete diversity does not exist between the parties because Defendant Melissa Linden was improperly joined to defeat diversity jurisdiction.[2] ECF No. 1 at 5. Responding to these assertions, Plaintiff argues in the Motion to Remand that Defendant Linden was properly joined and his claim against her is well pled. ECF No. 4 at 7-10.

The test for fraudulent joinder is distinct from the test for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Grancare, LLC, v. Thrower by and through Mills*, 889 F.3d 543, 549-50 (9th Cir. 2018). Specifically, the Ninth Circuit noted, "[a] standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) . . . ." *Id*. To this end, the Ninth Circuit opined, "[t]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*. at 550.

---

[2] In the Notice of Removal, Defendant Hertz argued that Defendant Linden may also be disregarded for jurisdictional purposes because she had not yet been served with the Summons and Complaint. ECF No. 1. Plaintiff responded to this argument in his Motion to Remand. ECF No. 4. Defendant Hertz did not address this issue in its Opposition, effectively waiving the argument. *See Pacific Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016). Additionally, the Court finds the issue of fraudulent joinder sufficient to dispose of this motion.

The Ninth Circuit has upheld rulings finding fraudulent joinder where "a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare*, 889 F.3d at 548 (*citing McCabe*, 811 F.2d at 1339). "Stated differently, it must appear to a 'near certainty' that the joinder was fraudulent." *North v. Samsung SDI Am., Inc.*, No. 19-cv-05621-EJD, 2020 WL 1984020 at *3 (N.D. Cal. Apr. 27, 2020) (*citing Alexander v. Select Comfort Retail Corp.*, No. 18-6446 YGR, 2018 WL 6726639, at *2 n.4 (N.D. Cal. Dec. 21, 2018)).

To prevail on a FEHA claim for hostile work environment, a plaintiff must show that he or she: (1) belongs to a protected group; (2) was subjected to unwelcome harassment because of membership of that protected group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 130 (1999). In California, harassment has been defined as "a type of conduct not necessary for performance of a supervisory job" and is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal.4th 640, 645-56 (1998) (*citing Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 62-63 (1996)). The California Supreme Court noted, "[t]he Legislature intended that commonly necessary personnel management actions such as hiring and firing . . . do not come within the meaning of harassment." *Reno*, 18 Cal.4th at 646-47 (*quoting Janken*, 46 Cal.App.4th at 63-65).

Defendant Hertz argues Plaintiff's FEHA harassment claim against Defendant Linden fails to state a claim because it is based solely on the allegedly pretextual reason for Plaintiff's termination. ECF No. 7. Comparing the allegations in the complaint with the precedent above, the Court agrees. Plaintiff does not allege any hostile conduct by Defendant Linden prior to his termination. Plaintiff also does not plead any specific facts regarding Defendant Linden's behavior or treatment of him during his termination meeting which might fall into the definition of harassment under California law.

However, as noted above, this does not end the inquiry; failure to state a claim is not by itself sufficient for the Court to deny remand. *Grancare*, at 550; *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) ("A district court can grant a Rule 12(b)(1) motion to dismiss . . . based on the legal insufficiency of a claim. But dismissal is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous."); *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974) (a claim must be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy within the jurisdiction of the District Court[.]").

Defendant Hertz cites two district court cases to support the argument that Plaintiff's failure to state a claim is grounds for denial of remand. *See Wexler v. Jensen Pharmaceuticals*, No. CV-15-03518-AB-AJW, 2015 WL 6159101 at *4-6 (C.D. Cal. Oct. 20, 2015) (denying remand after determining FEHA harassment claim was insufficiently plead); *Cofer v. Parker-Hannifin Corp.*, 194 F.Supp.3d 1014, 1018-23 (C.D. Cal. 2016) (granting motion to dismiss and denying motion for remand). However, both cases were decided before the Ninth Circuit's clarification of the test in *Grancare*. These cases appear to analyze the claims under a standard closer to failure to state a claim under Rule 12(b)(6) rather than the frivolous or wholly insubstantial standard under Rule 12(b)(1). *See, e.g., Cofer*, 194 F. Supp. 3d at 1022 ("The Court determined that Mr. Cofer failed to state a claim against any of the individual defendants . . . . The Court also concludes that the failure . . . was sufficiently clear as a matter of California law as to render the joinder of those defendants fraudulent.").

Here, the Court cannot say that Plaintiff's FEHA harassment claim is "so completely devoid of merit" to render it frivolous or wholly insubstantial, especially in light of California's notice pleading standard and Plaintiff's request to amend. While it is unclear whether Plaintiff can amend his complaint to cure the noted deficiency in his FEHA harassment claim, in this limited jurisdictional inquiry, doubt is resolved in favor

of remand.  *See Nev. v. Bank of Am. Corp.*, 672 F.3d at 667.  Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: November 8, 2023

                                                                                      _____
                                                                                      **HON. ROGER T. BENITEZ**
                                                                                      United States District Judge

7

23-cv-01270-BEN-DDL